UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNINGS,<br><br>        Plaintiff,<br><br>    v.<br><br>PG&E CORPORATION,<br><br>        Defendant. | Case No. 23-cv-01735-HSG<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S DENIAL OF APPELLANT'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 14 |

Pending before the Court is pro se Appellant Spiro Jannings' appeal from the bankruptcy court's March 27, 2023 denial of his motion for reconsideration. Dkt. No. 14. The Court affirms.

**I.    BACKGROUND**

In August 2017, Appellant filed a lawsuit in Santa Clara Superior Court against Pacific Gas & Electric Co. ("PG&E" or "Appellee") concerning his 2015 termination, which supposedly flowed from allegations that he made inappropriate comments about his female supervisor. In January 2019, Appellee filed for Chapter 11 bankruptcy, which resulted in an automatic stay of Appellant's lawsuit in state court. In October 2019, Appellant filed a Form 410 Proof of Claim for $1,000,000 in contractual damages relating to his termination – a claim later confirmed as "unimpaired" by the PG&E Plan of Reorganization. *See* A001-05. On October 8, 2021, PG&E filed an Objection to Appellant's Claim. *See* A006-22 ("Claim Objection"). The parties agreed to extend the deadline for Appellant to respond to PG&E's Claim Objection until January 4, 2022. *See* A0279-80. On December 28, 2022, however, Appellant filed a motion requesting that the bankruptcy court abstain from adjudicating PG&E's Claim Objection so that the parties could resolve the employment dispute in state court. *See* A281-88 ("Abstention Motion"). A few days later, in light of the pending Abstention Motion, Appellant moved the court to set a hearing on the

1  motion for February 2, and to vacate the January 4 response deadline and January 18 hearing date
2  associated with the Claim Objection. *See* A289-93. Appellee opposed. *See* A314-16. On
3  December 31, 2021, the bankruptcy court issued a text order denying Appellant's request to vacate
4  the Claim Objection deadlines and hearing date. *See* 317.

5        The January 4 response deadline to PG&E's Claim Objection came and went without a
6  response from Appellant. On January 11, 2022, Appellees accordingly requested that the
7  bankruptcy court disallow Appellant's Claim by default. A318-21. Two days later, the
8  bankruptcy court's judicial assistant asked Appellant's counsel via e-mail whether Appellant had
9  any objection to the court entering the default and taking the Claim Objection off calendar. *See*
10 A360-61. Appellant's counsel responded that "[f]ollowing the entry of a default Order, [he]
11 intend[ed] to move for relief under Rules 60 and 59." A363. On January 13, 2022, the court
12 signed an Order Disallowing and Expunging Claim No. 58462. *See* A325-26 ("Order Disallowing
13 Claim"). On January 26, 2022, Appellant filed a motion for reconsideration, *see* A328-35, which
14 sought relief from the January 13 Order Disallowing Claim. On March 14, 2022, the court denied
15 Appellant's motion. *See* A370-75.

16       On January 13, 2023, Appellant filed an Omnibus Motion for Relief from Final Order,
17 Motion for Relief from Stay, and Response to Reorganized Debtor's Objection to Claim No.
18 58462. *See* A378-96 ("Renewed Reconsideration Motion"). The Renewed Reconsideration
19 Motion sought "to vacate the January 13, 2022 Order Disallowing Claim, nullify the March 14,
20 2022 Order Denying Reconsideration, and obtain relief allowing Appellant's underlying
21 disallowed claim against the Debtors continue in state court pursuant to Rule 60(b)(1) or (b)(3)."
22 A667. The bankruptcy court denied the motion on March 27, 2023, finding that Appellant's
23 Renewed Reconsideration Motion was not filed "within a reasonable time" under Rule 60(c). *See*
24 A666-70.

25       On April 11, 2023, Appellant timely filed a notice indicating that he intended to appeal the
26 March 27, 2023 denial of his Renewed Reconsideration Motion. Dkt. No. 1-1. The matter is now
27 fully briefed. *See* Dkt. Nos. 14 ("Jannings Brief"), 18 ("PG&E Brief"), 19 ("Jannings Reply").
28 //

## II. STANDARD OF REVIEW

Because Rule 60(b) motions "are addressed to the sound discretion of the trial court," they "will not be reversed absent some abuse of discretion." *Martinelli v. Valley Bank of* Nevada, 96 B.R. 1011, 1012 (9th Cir. BAP 1988). To find an abuse of discretion, this court "must have a definite and firm conviction that the [bankruptcy] court . . . committed a clear error of judgment in the conclusion it reached . . . ." *Nunez v. Nunez*, 196 B.R. 150, 155 (9th Cir. BAP 1996) (citation omitted). "It is not enough to show that a grant of the motion might have been permissible or warranted; rather the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

## III. DISCUSSION

The Court cannot conclude that the Bankruptcy Court's denial of Appellant's Renewed Reconsideration Motion resulted from "clear error." Accordingly, it affirms.

The lower court found that Appellant failed to file his Renewed Reconsideration Motion within the "reasonable time amount of time" required by Rule 60(b). *See* A666-70. As noted by the bankruptcy court, "whether a reconsideration motion has been filed in a reasonable amount of time 'requires a case-by-case analysis. Such determination takes into consideration 'the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *In re Williams*, 287 B.R. 787, 793 (B.A.P. 9th Cir. 2002) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). While the court considered all of the cited factors, its analysis focused on the first and second. The court concluded that it "simply [did] not find [Appellant's] shifting narrative [of the timeline following the March 14, 2022 denial] to be credible," and that it consequently could not conclude that there was a reasonable basis for Appellant's delay in filing his Renewed Reconsideration Motion. A669. It further concluded that after nearly a year of relying upon the challenged ruling, Appellee's "overriding interest in finality . . . prevail[ed]." *Id.* Nevertheless, the court considered (but rejected) Appellant's argument that reconsideration was warranted under Rule 60(b)(3), which permits reconsideration for fraud, misrepresentation, or misconduct by an opposing party.

Since Appellant did not show how his failure to timely respond to PG&E's Objection – which is what caused his default – was caused by fraud, the court concluded that the provision was not a basis to grant reconsideration. A670.

Appellant's primary contention on appeal is that bankruptcy court incorrectly concluded that the timelines presented in his Renewed Reconsideration Motion and in the declaration submitted in support of his reply represented two "different" timelines, which led the court to erroneously question his credibility and conclude that the filing delay was not "reasonable." *See* Jannings Brief.[1]  The Court does not find the bankruptcy court's determination that these two documents failed to resolve the "uncertainty" surrounding Appellant's timeline seeking, consulting with, and terminating counsel to be clearly erroneous.  But even if the bankruptcy court's understanding of the relevant timeline was flawed in some way, Appellant has not shown that the court's findings regarding his credibility were clearly erroneous, or that its *ultimate* conclusion regarding the motion's timeliness under Rule 60(c) represented an abuse of discretion. Accordingly, this Court lacks "a definite and firm conviction" that the bankruptcy court erred in determining that a motion filed a year (i.e. the absolute latest contemplated by Rule 60(c)) after the Order Disallowing Claim and ten months after the first order denying reconsideration was filed unreasonably late.  Accordingly, it affirms the bankruptcy court's March 27, 2023 order.

## IV.   CONCLUSION

The bankruptcy court's denial of Appellant's Renewed Reconsideration Motion is **AFFIRMED**.  The Clerk is **DIRECTED** to close the case and terminate this appeal.

**IT IS SO ORDERED.**

Dated: 3/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Though Appellant makes additional arguments about how the bankruptcy court erred in failing to set a hearing on his Abstention Motion, Appellant's notice of appeal indicates that his appeal only embraces that court's March 27, 2023 order denying his Renewed Reconsideration Motion. *See* Dkt. No. 1-1.  Since Appellant never appealed the January 13 Order Disallowing Claim or the March 14, 2022 order denying his first motion for reconsideration, the Court declines to consider any arguments outside the stated scope of the appeal.